UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRAVIS PEARSON<br>15600 Terrace Rd.<br>Apt. 317<br>East Cleveland, OH 44112<br><br>and<br><br>LASHON UNDERWOOD<br>1470 E. 173 St.<br>Cleveland, OH 44110<br><br>On behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CSK AUTO, INC.<br>(d/b/a O'Reilly Automotive Stores, Inc.)<br>(c/o) CT Corporation System<br>2390 E. Camelback Rd.<br>Phoenix, AZ 85016<br><br>　　　　Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now come Plaintiffs Travis Pearson and Lashon Underwood, by and through counsel, on behalf of themselves and all others similarly situated, and for their Complaint against Defendant CSK Auto, Inc. (herein "Defendant" or "CSK"), state and allege the following:

## INTRODUCTION

1. Plaintiffs bring this "collective action" lawsuit as a result of Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, by virtue of Defendant's practices and policies of failing to pay non-exempt employees overtime compensation for hours worked in excess of forty (40) per workweek.

2. Defendant failed to calculate all non-discretionary bonus compensation within Plaintiffs' and similarly situated individuals' "regular rate of pay" when calculating Plaintiffs' and the similarly situated individual's overtime pay, in violation of the FLSA.

3. Defendant also failed to pay Plaintiffs and other similarly situated employees for meal periods during which they performed work, in violation of the FLSA.

4. Additionally, Defendant failed to pay Plaintiffs and similarly situated employees for hours for all hours worked. These compensable "off the clock" hours occurred before and after Plaintiffs' and similarly situated employees regularly scheduled work hours, in violation of the FLSA.

## JURISDICATION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because all, or a substantial part of,

2

the events or omissions giving rise to Plaintiffs' claims occurred within this Court's District and Division.

**PARTIES**

7. At all times relevant herein, Plaintiffs were citizens of the United States and residents of Cuyahoga County, Ohio.

8. At all times relevant herein, CSK was and is an Arizona Corporation, with its principal place of business located in Springfield, Missouri. CSK employs over 15,000 employees in over 1,300 stores, and operates stores within this District and Division.

9. At all times relevant herein, CSK was and is an employer within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, CSK was and is a joint employer of Plaintiffs and other similarly situated employees together with O'Reilly Automotive Stores, Inc., pursuant to 29 U.S.C. §§ 203(r) and 207(d).

11. At all times relevant herein, Defendant CSK was and is an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant herein, Plaintiffs and other similarly situated employees were, and in some cases are, employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

14. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

15. CSK is one of the nation's largest retailers of auto parts and markets to do-it-yourself car owners, auto professionals and commercial installers. CSK has over 1,300 stores in about a dozen states, including Ohio. CSK is a subsidiary of O'Reilly Automotive Stores, Inc. ("O'Reilly"), which acquired CSK in 2008. All CSK stores eventually converted to the O'Reilly brand, information systems and inventory offerings, including CSK-branded Murray's Discount Auto Parts stores located in Ohio. As of 2012, CSK employed over 15,000 employees.

16. Plaintiff Travis Pearson worked for CSK as a Sales Representative from approximately July 2010 though December 2010, and then from approximately July 2011 through February 2012. Pearson worked as a non-exempt employee paid in whole or in part on an hourly basis, and he received additional compensation from CSK in the form of non-discretionary bonuses.

17. Plaintiff Lashon Underwood worked for Defendant as an hourly, non-exempt Sales Representative, Sales Manager, and Second Assistant Manger from approximately 2003 through approximately August 2012. Underwood worked as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from CSK in the form of non-discretionary bonuses.

18. Defendant employed other similarly situated individuals in Defendant's stores as sales managers, first assistant managers, second assistant managers, assistant managers, sales representatives, parts professionals, and were classified by CSK as non-exempt employees.

19. CSK failed to properly calculate the "regular rate of pay" for Plaintiffs and other similarly situated employees overtime pay, during weeks where they worked over forty (40) hours in a single workweek because CSK failed to take into account additional compensation in the form of non-discretionary bonuses. CSK's violation of the FLSA was systematic and pervasive.

20. CSK also failed to pay Plaintiffs and other similarly situated employees for meal periods during which they performed work because Defendants automatically deducted thirty (30) minutes from Plaintiffs' and other similarly situated individual's pay each day.

21. Plaintiffs and similarly situated individuals were required to perform work during their meal periods. As a result, Plaintiffs and similarly situated individuals did not receive a meal period and/or were required to perform work during their meal period.

22. Additionally, CSK failed to pay Plaintiffs and similarly situated individuals for all hours worked. Plaintiffs and similarly situated individuals worked "off the clock" hours, including before and after Plaintiffs' and similarly situated individuals regularly scheduled work hours.

23. As a result of CSK's failure to pay Plaintiffs and other similarly situated individuals their wages as alleged in paragraphs §§ 19-22, Plaintiffs and similarly situated individuals were denied significant amounts of overtime compensation.

## **COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

25. Plaintiffs bring Count One of this action on their own behalf and on behalf of all other persons similarly situated who have been, are being, and/or will be adversely affected by Defendants' unlawful conduct, pursuant to 29 U.S.C. § 216(b).

26. The class that Plaintiffs seek to represent, and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves members, is comprised of and defined as:

> All current and former CSK sales managers, first assistant managers, second assistant managers, assistant managers, sales representatives, parts professionals, and/or retail employees who were classified by CSK as non-exempt employees, any time between November 20, 2009 and the present.

27. Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, avers that it consists of approximately fifteen thousand (15,000) persons.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

29. In addition to Plaintiffs, numerous individuals are similarly situated to Plaintiff with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

30. These similarly situated employees, who are known to CSK and are easily identifiable through CSK's payroll records, may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## COUNT ONE
### (FLSA Violation)

31. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

32. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

33. Plaintiffs and similarly situated employees should have been paid overtime wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

34. CSK has engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiffs' overtime wages as required by federal law.

35. The above-described willful and systematic violation of the FLSA complained of by Plaintiffs have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

36. CSK's unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

37. CSK's violations have been willful and/or in reckless disregard of Plaintiffs' and similarly situated employees' rights, and entitle Plaintiff and similarly situated employees to liquidated and/or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all those employees similarly situated collectively pray that this Honorable Court:

A. Designate this action as a collective action on behalf of all similarly situated individuals and promptly issue notice, pursuant to 29 U.S.C. § 216(b), to those individuals to apprise them of this pending action and permit them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Find that Plaintiffs and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. Grant judgment that Defendants' practices violate the FLSA;

D. Grant judgment against Defendants in the amount of Plaintiffs and the FLSA Collective's unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

E. Find that Defendants' FLSA violations were willful;

F. Award Plaintiffs and all similarly situated individuals all costs and attorneys' fees incurred in prosecuting this action;

G. Award prejudgment interest to Plaintiffs and all similarly situated individuals (to the extent liquidated damages are not awarded);

H. Grant leave to add additional plaintiffs by motion, by filing additional consent forms, or any other method approved by the Court;

I. Grant leave to amend this Complaint to add additional federal and state law claims; and

J.  For all such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Ryan A. Winters
Ryan A. Winters (0086917)
ryan@winterslawfirm.com
SCOTT & WINTERS LAW FIRM, LLC
815 Superior Ave. E.
Suite 1325
Cleveland, OH 44114
Telephone:  440-498-9100
Attorney for Plaintiffs

s/ Joseph F. Scott
Joseph F. Scott (0029780)
jfscld@yahoo.com
SCOTT & WINTERS LAW FIRM, LLC
815 Superior Ave. E.
Suite 1325
Cleveland, OH 44114
Telephone: 216-664-3727
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

s/ Ryan A. Winters
Ryan A. Winters (0086917)