UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS PEARSON, et al., | ) | CASE NO. 1:12CV2905 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CSK AUTO, INC., d/b/a etc., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #29) of Plaintiffs, Travis Pearson, Lashon Underwood and Kyanna Williams, individually and as representatives of all similarly situated employees of Defendant, CSK Auto Inc. d/b/a O'Reilly Auto Parts ("CSK"), for Conditional Certification under Section 216(b) of the Fair Labor Standards Act ("FLSA").  For the following reasons, Plaintiffs' Motion is granted.

**I. BACKGROUND**

The instant suit was originally filed on November 21, 2012.  The operative Complaint is the Second Amended Collective Action Complaint (ECF DKT #24) filed on April 1, 2013.

Plaintiffs allege that Defendant violated the FLSA by virtue of its practices and policies of failing to pay non-exempt employees overtime compensation for hours worked in excess of forty (40) hours per workweek; failing to include non-discretionary bonus compensation when calculating Plaintiffs' overtime pay; failing to compensate for meal periods during which employees performed work; failing to pay for compensable "off the clock" hours worked; and improperly editing employee time records.

Plaintiffs seek conditional certification of a collective action and court-supervised notice to current and former first assistant managers, second assistant managers, assistant managers, sales representatives, parts professionals or retail non-exempt employees who worked at any greater Cleveland metropolitan area, i.e., "District 235", CSK store.

## II.  STANDARD OF REVIEW

An employee may bring an action on behalf of himself and other "similarly situated" employees pursuant to 29 U.S.C. § 216(b).  Unlike typical class actions, each employee wishing to join the collective action must affirmatively "opt-in" by filing written consent. 29 U.S.C. § 216(b).  District courts have discretion to facilitate notice to potential plaintiffs. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Before facilitating notice, courts must determine whether the potential class members are similarly situated under Section 216(b) of the FLSA.

The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Sixth Circuit.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).  The first phase takes place at the beginning of discovery when the court has minimal evidence.  *Id.* at 546.  In the first phase, courts may grant conditional class certification upon a

modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan.  *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003).  Plaintiffs must show that their "position is similar, not identical, to the positions held by the putative class members."  *Id.* at 546-47.  Plaintiffs must only establish some "factual nexus" between the Plaintiffs and the potential class members.  *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (citing *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded."  *Comer*, 454 F.3d at 546.  During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement.  *Id.* at 547.  "If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."  *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio Apr. 30, 2007) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

### III. LAW AND ANALYSIS

Having considered the arguments and evidence submitted by the parties, the Court finds that, at this stage of the proceedings, Plaintiffs have met their "slight" burden and are entitled to conditional certification.

Plaintiffs have satisfied their modest burden by their Declarations.  Plaintiff Kyanna Williams worked at four CSK stores in District 235.  (ECF DKT #29-11).  She declares that

non-discretionary bonuses were not factored into her overtime compensation until 2011; at times her managers would clock in/clock out for her; at times she worked through lunch but a lunch break was removed from her pay; and at times her manager would edit her time.  She believes that other non-exempt, hourly employees experienced the same treatment.  *Id*.  Plaintiff Travis Pearson worked at three District 235 stores.  (ECF DKT #29-10).  He declares that non-discretionary bonuses were not factored into his overtime compensation until 2011; he routinely worked without pay; frequently his managers would clock in/clock out for him; he was not compensated for hours he worked past 6:00 p.m.; he frequently worked through lunch; and at times his store manager would edit his time.  He believes that other non-exempt, hourly employees experienced the same treatment.  *Id*.  Plaintiff Lashon Underwood worked at nine CSK stores.  (ECF DKT ##29-9 & 31-1).  He declares that non-discretionary bonuses were not factored into his overtime compensation until 2011; and he, and other employees known to him, were sometimes required to work during meal breaks, or before or after shifts without compensation – all because the stores were chronically understaffed due to the company policy of cutting hours to increase profitability.  *Id*.

      Defendant CSK argues that conditional certification is inappropriate because the proposed class members were never together the victims of a single policy, plan or decision that violated the FLSA.  Their claims and experiences with store managers are too individualized.  In its Opposition (ECF DKT #30), CSK submits Affidavits of Mindy Morgan, Team Member Relations Manager; Shari Reaves, Director of Compensation and Benefits; as well as several hourly employees.  These sworn statements recite that every new employee receives O'Reilly's Team Member Handbook, containing policies regarding meal breaks,

schedules and compensation; that the company did calculate incentive bonus compensation, but it simply became a separate line item on the pay stub in 2011; that there is no company policy requiring working through lunch breaks without pay; that editing of time records was performed only by authorized individuals and for legitimate reasons; and that employees were given the opportunity every pay period to review and sign-off on their hours worked.

For the Court to consider Plaintiffs "similarly situated," it is enough if their "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir.2009). The "first stage" or notice standard is "fairly lenient," requiring only that Plaintiffs "submit evidence establishing at least a colorable basis for [their] claim that a class of 'similarly situated' plaintiffs exists." *Olivo v. GMAC Mortgage Corp.*, 374 F.Supp.2d 545, 548 (E.D.Mich.2004) (internal quotes and citations omitted).

The issues presented by CSK, contra conditional certification, are not relevant to this early analysis. At this juncture, "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D.Ohio 2011); see also *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 2012 WL 5392621, at *6 (Nov.6, 2012).

Therefore, the Court finds that Plaintiffs have made the necessary, modest showing of a colorable claim that a class of similarly situated plaintiff-employees exists. The Court further finds that the three-year limitation period governs because the Second Amended Collective Action Complaint sets forth allegations that the FLSA violations were willful.

(ECF DKT #24, ¶¶ 37 & 39).  The parties are on notice that a collective action is commenced on the date the Complaint is filed for named Plaintiffs who have filed consents or, for opt-in Plaintiffs, on the subsequent date on which a written consent is filed.  See 29 U.S.C. § 256.

### IV. CONCLUSION

The Court grants Plaintiffs' Motion (ECF DKT #29) for Conditional Certification under § 216 of the FLSA for the class defined as follows:

> All current and former first assistant managers, second assistant managers, assistant managers, sales representatives, parts professionals or retail non-exempt employees who worked at any District 235 CSK Auto, Inc. d/b/a O'Reilly Auto Parts store during the applicable three-year period between April 1, 2010 and the present.

On or before April 30, 2014, the parties shall file their stipulated Notice of Pendency of Lawsuit and Notice of Consent Form, as well as a Proposed Expedited Opt-In Discovery Order for the Court's approval.

While Plaintiffs have met their burden under the lenient standard applicable to the notification phase, the Court will revisit the "similarly situated" requirement once the opt-in forms are submitted.  If the claimants are not similarly situated after further discovery, the Court will decertify the class and the opt-in plaintiffs will be dismissed without prejudice.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  March 28, 2014**